**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**DEMARIO D. WALKER**                                                             **PLAINTIFF**

**VS.**                                                           **CAUSE NO.  3:04CV984LN**

**JACKIE PARKER , BRIAN LADNER
and LEON SHIELDS**                                                   **DEFENDANTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter came before the court on several pending Motions: the Plaintiff's Motion for Default Judgment, his Motion for Summary Judgment, the Defendants' Cross-Motion for Summary Judgment, and the Plaintiff's Emergency Motion for a Protective Order Preserving Disciplinary Files.  For the reasons more fully explained below, the undersigned is of the opinion that all of the Plaintiff's Motions should be denied, while the Defendant's Motion should be granted only in part.

The Plaintiff's claims in this matter revolve around three Rules Violations Reports that he received in disciplinary proceedings while he was incarcerated at the Central Mississippi Correctional Facility (he has since been moved to the South Mississippi Correctional Institution). The first RVR, #360434 was for threatening a staff member; #360436 was for unauthorized use of a telephone, and #360437 was for lying or providing false information to a staff member.  Walker was placed in administrative segregation for twenty days as the result of these infractions, with a loss of telephone privileges for thirty days.  Walker claims that he did not receive due process with respect to these disciplinary proceedings and that he lost access to various privileges, and to religious services, during his time in the segregation unit.

The Motion for Default Judgment seeks the entry of judgment against the Defendants for

failing to respond to the Complaint within sixty days after summonses were issued.  The summonses were issued on April 18, 2005, and this Motion was filed on June 24, 2005.  However, Fed. R. Civil P. 12(a)(1)(A) provides that a defendant shall answer a complaint "within 20 days after being served with the summons and complaint."  Thus, the time for a response runs from **service**, not **issuance** of the summons.  The docket shows that Defendants Ladner and Parker were served on July 6, 2005, and Defendant Leon Shields was served on July 28.  An Answer was filed on their behalf on July 29.  Therefore, the Motion for Default Judgment will be denied.

The Plaintiff has also moved for summary judgment on the substance of his claims against the Defendants, and the Defendants have moved for summary judgment on those issues.  Fed. R. Civ. P. 56 permits a court to enter judgment on such a motion if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  The Plaintiff's Motion for Summary Judgment would be denied in any event, since many of his factual assertions have yet to be proved by competent evidence.  With regard to the Defendant's Motion, they argue, as a matter of law, that *Sandin v. Conner*, 515 U.S. 472 (1995) prohibits a claim of denial of due process with regard to custody status.

The undersigned agrees, with regard to most of Walker's claim; however, Walker asserts that he was denied access to religious services during that time.  *See Cruz v. Belo*, 405 U.S. 319, 322 n. 9 (1972) (holding that all inmates must be given "reasonable opportunities" to exercise their freedom of religion).  The Fifth Circuit has held that such a claim made by a prisoner who has been held in segregation cannot be deemed frivolous for purposes of an early dismissal of a prisoner's case.  *Beck v. Lynaugh*, 842 F.2d 759, 761 (5th Cir. 1988).  Moreover, the Fifth Circuit has held it error to dismiss a prisoner case prior to an omnibus hearing where there is any possibility that the prisoner

could adequately develop his claims through discovery.  *See, e.g., Taylor v. Johnson*, 257 F.3d 470 (5th Cir. 2001).  Therefore, it is the opinion of the undersigned that this is the only claim that can survive the Defendants' Motion for Summary Judgment.

Finally, the Plaintiff has submitted an Emergency Motion for a Protective Order Preserving Disciplinary Files.  Because the Plaintiff has no due process claims based on the disciplinary proceedings in state court, they are irrelevant to this action.  Furthermore, the court has never found, in the course of a prisoner's lawsuit, that disciplinary files had been lost or destroyed.  Therefore, this Motion should be denied.

For all of these reasons, it is the opinion of the undersigned that the Plaintiff's Motion for Default Judgment, his Motion for Summary Judgment, and his Emergency Motion for a Protective Order should be denied, and that the Defendants' Motion for Summary Judgment should be granted with regard to all claims except the denial of access to religious services.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 9th day of November, 2005.

                                          S/Alfred G. Nicols, Jr.
                                     UNITED STATES MAGISTRATE JUDGE