UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEMARIO D. WALKER                                            PLAINTIFF

VS.                                    CIVIL ACTION NO. 3:04CV984LN

JACKIE PARKER, BRIAN LADNER
AND LEON SHIELDS                                            DEFENDANTS

## ORDER

This cause is before the court on plaintiff DeMario D. Walker's response in objection to the magistrate judge's report and recommendation in which he recommended denial of plaintiff's motions for default judgment, his motion for summary judgment and emergency motion for protective order, and recommended granting in part defendants' cross-motion for summary judgment. The court has considered the magistrate judge's report and recommendation, and plaintiff's objections thereto, and concludes that the report and recommendation should be adopted as the finding of the court.[1]

Plaintiff filed this action contending that defendants violated his right to due process in connection with disciplinary action taken against him relating to three Rules Violation Reports. Specifically plaintiff complains that while in custody of the Mississippi Department of Corrections and housed at Central

---

[1] Plaintiff does not object to the magistrate judge's report and recommendation of denial of his own summary judgment motion or his motion for default judgment.

Mississippi Correctional Facility, he was placed in "punitive segregation" for twenty days, with a corresponding denial of his right to attend religious services and loss of his job assignment, and lost his telephone privileges for thirty days, upon a finding that he committed certain rules violations. Defendants moved for summary judgment in reliance on the Supreme Court's holding in Sandin v. Conner that an inmate's discipline in segregated confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. 472, 484 (1995).[2] The magistrate judge agreed that under Sandin, this plaintiff's segregated confinement did not implicate any protected liberty interest, and that accordingly his due process claim failed as a matter of law.

Plaintiff argues that inasmuch as he does not allege a denial of due process with regard to his *custody status*, it follows that the magistrate judge's reliance on Sandin was in error. The fact

---

[2] The Court stated that while "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," these due process interests will be "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. The Court concluded that an inmate's discipline in segregated confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" for it did not exceed similar, but totally discretionary confinement in either duration or degree of restriction. Id.

is, however, that Sandin is directly applicable and dispositive of plaintiff's due process claim herein.³

The magistrate judge's report and recommendation also addresses plaintiff's motion for protective order regarding disciplinary files, and finds that the records plaintiff seeks to have maintained are irrelevant in view of the dismissal of plaintiff's due process claims, and that in any event, loss or destruction of such files is not something one would expect to happen. In his objection, plaintiff merely asserts that the court should order the records preserved out of an abundance of caution. The court does not find error in the magistrate judge's conclusion with respect to this motion.

Accordingly, the magistrate judge's report and recommendation is adopted as the finding of the court, and it is therefore ordered that plaintiff's motion for default judgment is denied; plaintiff's motion for summary judgment is denied; plaintiff's motion for protective order is denied; and defendants' motion for

---

   ³ Plaintiff suggests that in view of the magistrate judge's apparent misunderstanding of his claim, this court, before simply accepting the magistrate judge's position, should given him the opportunity to clarify this claim. It is clear to the court, however, that the magistrate judge did not misunderstand or misconstrue plaintiff's claim and thus no clarification is needed.

summary judgment is granted in part and denied in part.[4]

SO ORDERED this 23rd day of March, 2006.


                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE

---

[4]  Plaintiff's argument that his due process claims may not properly be dismissed until he has had time for discovery, or at least had an opportunity to secure affidavits and other responsive evidence, is not well taken.  Plaintiff has not suggested what evidence he might hope to discover or present that would tend to support a contrary conclusion to that reached by the magistrate judge.

4